**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CATHERINE COFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., WILLIAM L. ASHTON, BRITTANY K. BRADRICK, SETH H.Z. FISCHER, JUHYUN LIM, THOMAS J. RIGA, and JEFFREY L. VACIRCA,<br><br>Defendants. | Case No. ____________<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Catherine Coffman ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company") and the members of Spectrum's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to merge Spectrum with Assertio Holdings, Inc. ("Assertio") (the "Proposed Transaction").

2. On April 24, 2023, Spectrum entered into an Agreement and Plan of Merger with Assertio and Assertio's wholly-owned subsidiary, Spade Merger Sub 1, Inc. ("Merger Sub") (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Spectrum shareholders will receive 0.1783 shares of Assertio common stock and one non-tradeable contingent value right ("CVR")[1] for each share of Spectrum common stock they own. Upon completion of the Proposed Transaction, Assertio stockholders are expected to own approximately 65% of the combined company and Spectrum stockholders are expected to own approximately 35% of the combined company.

3. On June 15, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Spectrum stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information, including with respect to: (i) Spectrum's and Assertio's financial projections; (ii) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Guggenheim Securities, LLC ("Guggenheim"); and (iii) the background of the Proposed Transaction.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Spectrum stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

---

[1] Each CVR represents a contractual right to receive future conditional payments worth up to an aggregate maximum amount of $0.20, settleable in cash, additional shares of Assertio common stock or a combination of cash and additional shares of Assertio common stock, at Assertio's sole discretion, upon the achievement of certain sales milestones related to Spectrum's product ROLVEDON (eflapegrastim).

5. The special meeting for Spectrum stockholders to vote on the Proposed Transaction is scheduled for July 27, 2023. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Spectrum's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Spectrum's common stock trades on the Nasdaq Capital Market, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of shares of Spectrum common stock.

10. Defendant Spectrum is a Delaware corporation, with its principal executive offices located at 2 Atlantic Avenue, 6th Floor, Boston, Massachusetts 02110. Spectrum's shares trade on the Nasdaq Capital Market under the ticker symbol "SPPI."

11. Defendant William L. Ashton has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Brittany K. Bradrick has been a director of the Company at all relevant times.

13. Defendant Seth H.Z. Fischer has been a director of the Company at all relevant times.

14. Defendant Juhyun Lim has been a director of the Company at all relevant times.

15. Defendant Thomas J. Riga has been President, Chief Executive Officer, and a director of the Company at all relevant times.

16. Defendant Jeffrey L. Vacirca has been a director of the Company at all relevant times.

17. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

18. Spectrum is a commercial-stage biopharmaceutical company that develops and commercializes oncology drug products. Spectrum has an in-house clinical development organization with regulatory and data management capabilities, in addition to commercial infrastructure and a field-based sales force for its marketed product, ROLVEDON (eflapegrastim).

**The Proposed Transaction**

19. On April 25, 2023, Spectrum announced that it had entered into the Proposed Transaction, stating, in relevant part:

> LAKE FOREST, Ill., and BOSTON, April 25, 2023 (GLOBE NEWSWIRE) – Assertio Holdings, Inc. (Nasdaq: ASRT) ("Assertio"), a specialty pharmaceutical company offering differentiated products to patients, and Spectrum Pharmaceuticals, Inc. (Nasdaq: SPPI) ("Spectrum"), a commercial stage biopharmaceutical company focused on novel and targeted oncology, today announced that they have entered into a definitive agreement pursuant to which Assertio will acquire all outstanding shares of Spectrum in an all-stock and contingent value rights ("CVR") transaction.
>
> "The addition of Spectrum's commercial capabilities and ROLVEDON, a novel long-acting G-CSF product recently launched into a blockbuster market in October 2022, exemplifies Assertio's attractiveness as an acquirer of new, accretive assets across diverse therapeutic categories, and ability to continue their growth and achieve profitable contributions faster and more efficiently than could be achieved on a standalone basis. We intend to retain the majority of Spectrum's commercial infrastructure, which we believe is synergistic to our digital non-personal platform, deploying these complementary dual channels to support clinical messaging, reimbursement education and ROLVEDON awareness to further aid and accelerate its launch," said Dan Peisert, President and Chief Executive Officer of Assertio.
>
> "We are excited to combine with Assertio in a transaction that will deliver significant value to our stockholders and the opportunity to share in the future upside of ROLVEDON," said Tom Riga, President and Chief Executive Officer of Spectrum Pharmaceuticals. "Our mission at Spectrum has always been to make a difference in the lives of patients and with Assertio, we have a partner that will enable us to deliver on this promise. Our combined assets and commercial infrastructure will position us to accelerate ROLVEDON's launch for the benefit of patients, maximize its potential and drive further growth. We are proud of the launch trajectory our team has achieved with ROLVEDON and look forward to an exciting new chapter."
>
> **Terms of the Agreement**
>
> Under the terms of the agreement, at closing, Spectrum stockholders will receive a fixed exchange ratio of 0.1783 shares of Assertio common stock for each share of Spectrum common stock they own, implying an upfront value of $1.14 per Spectrum share (approximately $248 million) based on Assertio's stock price on April 24, 2023 and an initial 65% premium to Spectrum's closing price on such date. Additionally, Spectrum stockholders will receive one CVR per Spectrum share entitling them to receive up to an additional $0.20 per share in total

(approximately $43 million), payable in cash or stock at Assertio's election, for $1.34 (approximately $291 million), a total potential premium of 94%. Subject to adjustments, each CVR shall represent the right to receive $0.10 payable upon ROLVEDON net sales (less certain deductions) achieving $175 million during the calendar year ending December 31, 2024, and $0.10 payable upon ROLVEDON net sales (less certain deductions) achieving $225 million during the calendar year ending December 31, 2025.

Following the close of the transaction, Assertio stockholders will own approximately 65% of the combined company, and Spectrum stockholders will own approximately 35%, on a fully diluted basis.

**Transaction Strategic and Financial Rationale**

**Strengthened Commercial Infrastructure and Resources:** Assertio's innovative digital non-personal sales model complements Spectrum's in-person commercial infrastructure, providing greater market access and resources than either company as a standalone entity.

**Expected to Be Accretive to Adjusted EPS and Operating Cash Flow in 2024:** Assertio intends to retain the majority of Spectrum's commercial team and add operating costs of approximately $60 million annually. The remaining cost synergies are expected to accelerate and enhance the profit opportunities for the combined company and generate double-digit accretion to adjusted EPS and increased operating cash flow in 2024.

**Enhanced IP Portfolio:** ROLVEDON's intellectual property protection is anticipated to extend through 2036, complementing Assertio's portfolio of traditional and non-traditional IP protection, including assets with protection extending beyond 2040 and plans to secure additional protections on existing assets.

**Improved Strategic Profile:** The transaction enables the combined company to have a more scalable and competitive infrastructure for continuing the development and acquisition of existing and prospective new commercial- and late development-stage products suited to Assertio's unique omni-channel sales strategy.

**Platform Diversification:** In addition to Assertio's key assets Indocin, Sympazan and Otrexup, Spectrum's key asset ROLVEDON will represent meaningful further asset diversification. ROLVEDON is a long-acting growth factor (G-CSF) indicated to decrease the incidence of infection, as manifested by febrile neutropenia, in adult patients with non-myeloid malignancies receiving myelosuppressive anti-cancer drugs associated with clinically significant incidence of febrile neutropenia.

> Access to Capital Markets: With enhanced scale and greater diversification of revenue generating commercial assets, the combined company is expected to have a more attractive profile to investors and to benefit from greater access to the capital markets.
>
> **Approvals and Timing to Close**
>
> The transaction, which has been approved by the boards of directors of both companies, is expected to close in the third quarter of 2023, subject to approval by Assertio and Spectrum stockholders and the satisfaction of customary closing conditions.
>
> * * *
>
> **Advisors**
>
> Guggenheim Securities, LLC is acting as financial advisor to Spectrum, and Gibson, Dunn & Crutcher LLP is serving as legal counsel.
>
> SVB Securities and H.C. Wainwright & Co. are acting as financial advisors to Assertio, and Latham & Watkins LLP is serving as legal counsel.

**The Materially Incomplete and Misleading Proxy Statement**

20. On June 15, 2023, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Spectrum stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) Spectrum's and Assertio's financial projections; (ii) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Guggenheim; and (iii) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for Spectrum and Assertio*

21. The Proxy Statement fails to disclose material information concerning the financial projections for Spectrum and Assertio.

22. For example, with respect to Spectrum management's financial projections for Spectrum, the Proxy Statement fails to disclose the line items underlying the calculation of Unlevered Free Cash Flow.

23. Similarly, with respect to Spectrum management's financial projections for Assertio, the Proxy Statement fails to disclose the line items underlying the calculation of: (i) Operating Income; and (ii) Unlevered free cash flow.

*Material Misrepresentations and/or Omissions Concerning Guggenheim's Financial Analyses*

24. The Proxy Statement fails to disclose material information concerning Guggenheim's financial analyses.

25. With respect to Guggenheim's *Spectrum Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the net present value of the cash tax savings from net operating losses (both existing and projected) as projected by Spectrum management; and (ii) the inputs and assumptions underlying the discount rates ranging from 13.00% to 16.00%.

26. With respect to Guggenheim's *Equity Research Analyst Stock Price Target* analysis of Spectrum, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

27. With respect to Guggenheim's *Assertio Discounted Cash Flow Analysis,* the Proxy Statement fails to disclose a quantification of: (i) the net present value of the cash tax savings from net operating losses (both existing and projected) as projected by Spectrum management; and (ii) the inputs and assumptions underlying the discount rates ranging from 11.75 % to 14.25%.

28. With respect to Guggenheim's *Equity Research Analyst Stock Price Target* analysis of Assertio, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

29. With respect to Guggenheim's *Pro Forma Discounted Cash Flow Value Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the net cash for each of Spectrum and Assertio as of March 31, 2023 as adjusted for estimated transaction expenses; (ii) the net present value of the cash tax savings from net operating losses (both existing and projected) of each of Spectrum (after giving effect to limitations under Section 382 of the Internal Revenue Code) and Assertio, in each case as projected by Spectrum's management; (iii) the inputs and assumptions underlying the discount rates ranging from 13.00% to 16.00%, 11.75% to 14.25% and 11.50% to 14.00%; and (iv) the after-tax synergies (net of cost to achieve).

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

30. The Proxy Statement fails to disclose material information concerning the background leading to the Proposed Transaction.

31. Specifically, the Proxy Statement fails to disclose whether the standstill agreements the Company entered into with 14 counterparties during the sale process are "don't-ask, don't-waive" standstill provisions that are still in effect and presently precluding the parties from submitting a topping bid for the Company.

32. In sum, the omission of the above-referenced information renders statements in the "Spectrum Unaudited Financial Projections," "Assertio Unaudited Financial Projections," "Opinion of Spectrum's Financial Advisor," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Spectrum will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Spectrum**

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Spectrum is liable as the issuer of these statements.

35. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Spectrum within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Spectrum and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Spectrum, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 5, 2023

**ACOCELLI LAW, PLLC**

By *<u>/s/ Richard A. Acocelli</u>*

Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*